**Samuel MACKMAN**

v.

**C. C. PEYTON, etc.**

**Civ. A. No. 5478.**

United States District Court
E. D. Virginia,
Richmond Division.

May 16, 1968.

Petitioner pro se.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia, Richmond, Va., for respondent.

OREN R. LEWIS, District Judge.

### ORDER

Samuel Mackman, a prisoner in the Virginia State Penitentiary, has petitioned this Court in forma pauperis for a writ of habeas corpus. He here attacks his conviction in the Circuit Court of Powhatan County in December 1964 for murder, for which he received a sentence of fifteen years. At the time this petition was filed the Virginia courts were not open to Mackman because he was not then serving the sentence he attacks here. It appears from the state record, which is hereby incorporated into and made a part of the record in this case, that Mackman is now serving the sentence he attacks here. Consequently his remedy lies in the Circuit Court of Powhatan County and this Court will decline jurisdiction for failure to exhaust available state remedies. 28 U.S.C. § 2254.

For the foregoing reasons it is hereby

Ordered that the petition be, and it hereby is, dismissed.

### ON MOTION TO VACATE ORDER

Samuel Mackman, a prisoner in the Virginia State Penitentiary, has filed a motion to vacate the order previously entered in this case dismissing his petition for a writ of habeas corpus. Mackman asks that the Court reconsider its earlier order in light of the discussion of the exhaustion doctrine in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963). Upon reconsideration, the motion will be denied and the previous order will stand as entered.

Green v. Peyton, No. 11,169 (4th Cir. 1967) is an unreported case closely analogous to this one. There Green's state habeas corpus petition was denied because he was not serving the sentence he attacked, just as Mackman's petition was denied in the state courts. This is pursuant to Virginia practice. Peyton v. Williams, 206 Va. 595, 145 S.E.2d 147 (1965). When Green petitioned this court at Norfolk for a writ of habeas corpus, he was still not serving the sentence he complained of, but while the matter was pending in this court Green began to serve that sentence and his petition was dismissed for failure to exhaust available state remedies. This was affirmed by the Fourth Circuit, the opinion stating that this court did not abuse its discretion in requiring Green to return to the state courts.

Mackman's case is sufficiently similar to Green v. Peyton to persuade this Court that Green should be followed. A fuller discussion of the principle of comity and exhaustion which govern this area appears in State of Texas v. Payton, 390 F.2d 261 (5th Cir.1968).

For the foregoing reasons, the motion will be, and it hereby is, denied.